No. 74.—SAULTER & IVY, plaintiffs in error, vs. ESQUIRE N. BUTLER, defendant.

[1.] The plaintiff in attachment swears that there is due to him from the defendant on note, forty-five dollars and ninty-two cents, *besides interest.* *Held,* that a bond given only for double the sum of forty-five dollars and nintey-two cents, is a compliance with the Statute, which requires the plaintiff in attachment to give bond in a sum equal to double the amount *sworn to be due.*

Attachment, in Clarke Superior Court. Decided by Judge JAMES JACKSON, August Term, 1851.

This was an attachment sued out by Saulter & Ivy against Esquire N. Butler. Their affidavit states that there was due "the sum of forty-five dollars and ninety-two cents on note, besides interest."

The bond was given for ninety-one dollars and eighty-four cents.

The attachment was excepted to, on the ground that the bond was not for double the amount sworn to be due, as required by the Statute, which exception was sustained by the Court and the attachment dismissed.

To this decision the plaintiffs except.

PEEPLES, for plaintiff in error.

T. R. R. COBB, for defendant, represented by W. H. HULL.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The plaintiff in attachment swears that there is due to him from the defendant, the sum of "forty-five dollars and ninety-two cents on note, *besides interest.* The bond is given for double the sum of $45 92 cts. The motion was to dismiss the attachment, on the ground that it is not in compliance with the Statute, because not given for double the amount of interest due on the note at the time of issuing the attachment, as well as the

principal sum.   The Statute requires that the plaintiff shall  give to the defendant, bond  in a sum at least equal to  double  the amount sworn to be due, or  to become due.   *Cobb's New Dig.* 83.   The words "or  to become due" has reference  to cases of attachment upon  claims not yet due, and therefore, has  no bearing upon  this question.   The question is, what amount does the plaintiff in this case swear  to be due?   For  it is in double that sum that the bond is to be given.   In our  opinion, only the sum of $45 92 cts.   He swears that this, sum *is due* on the note, in plain specific terms, and he does not swear that any other sum is now due.   The words *besides interest,* mean that the defendant is indebted to him in .addition thereto, such  sum (undefined) as interest, as  the  Court, when the case  is heard, may award  to him.   That sum is not made certain by the oath —it is a sum  to be  ascertained  *in futuro.*   We hold the bond sufficient.

Let the judgment be reversed.